IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


MICHAEL ROBERT KUZMINSKI,
    Plaintiff,

vs.                                          Case No.: 3:12cv273/LAC/EMT

MR. HICKS,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 18). Leave to proceed in forma pauperis has been granted (doc. 4).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that dismissal of this action is warranted.

I.    PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at the Hampton Roads Regional Jail in Portsmouth, Virginia (doc. 18 at 2).[1] He was incarcerated at Century Correctional Institution ("Century C.I."), an institution of the Florida Department of Corrections ("DOC"), at the time of the events giving rise to this action. Plaintiff names Classification Officer Hicks as the sole Defendant (*id.* at 1–2). He alleges that in July of 2010, upon his receipt into the DOC, he was advised that authorities in the State of Virginia had lodged a detainer against him (*id.* at 6). Plaintiff alleges that on August 28, 2010, he

---

[1] The page references used in this Report and Recommendation reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

sent an inmate request to Defendant Hicks asking him to prepare the appropriate paperwork for requesting final disposition of charges underlying the detainer, pursuant to the Interstate Agreement on Detainers Act ("IADA") (*id.*). Plaintiff states that shortly after sending the request, he was temporarily transferred to another DOC facility (*id.* at 7). Plaintiff states he returned to Century C.I. on September 21, 2010, and inquired of Hicks whether he had received his inmate request, and Hicks responded he was "working on it" (*id.* at 7, 17). Petitioner states three months later, he again asked Hicks about the status of the IADA paperwork, and Hicks responded he did not know what Plaintiff was talking about and instructed him to send him a reminder (*id.* at 7). Plaintiff filed an informal grievance on January 18, 2011, regarding Hicks's refusal to process the paperwork (*id.* at 8, 18). Plaintiff states that on January 22, 2011, Hicks yelled at him for filing the grievance and then "rushed" him to sign paperwork but would not permit him to read it (*id.* at 8). Hicks then denied Plaintiff's informal grievance on the ground that the paperwork was being processed (*id.* at 7–8, 18). Plaintiff states five months later, he learned from another correctional officer that the IADA paperwork had not been processed (*id.* at 9). Plaintiff signed documents waiving extradition on June 15, 2011 (*see* doc. 1 at 10). Shortly thereafter, he was released from the Florida DOC to the custody of Virginia officials (*id.*).

Plaintiff alleges he suffered mental stress as a result of Hicks's delay in processing the IADA paperwork (doc. 18 at 11). He also states he was deprived of participating in prison programs and work camps, and deprived of the opportunity to serve his Virginia sentence concurrently with his Florida sentence (*id.*).

Plaintiff claims that Defendant Hicks's failure to process the IADA paperwork violated his substantive and procedural due process rights, as well as his equal protection rights (doc. 18 at 13–15). As relief, he seeks nominal damages (*id.* at 12).

II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104

L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[2] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

III.    ANALYSIS

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

Case No.: 3:12cv273/LAC/EMT

Plaintiff's allegations fail to state a due process violation. As Plaintiff was previously advised (*see* doc. 16), the Supreme Court has held that the IADA is inapplicable to detainers based on probation violation charges. *See* Carchman v. Nash, 473 U.S.716, 725, 105 S. Ct. 3401, 87 L. Ed. 2d 516 (1985). In so holding, the Court noted that the language of Article III "makes clear that the phrase 'untried indictment, information or complaint'. . . refers to criminal charges pending against a prisoner." *Id.* However, a probation violation charge, "which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution," does not come within the scope of the IADA. *Id.* Additionally, an arrest warrant is not an "untried indictment, information or complaint" as defined by the IADA. *See* United States v. Fulford, 825 F.2d 3, 10–11 (3d Cir. 1987) (an arrest warrant does not act as a detainer for purposes of the IADA); United States v. Bottoms, 755 F.2d 1349, 1349 (9th Cir. 1985); *see also, e.g.*, Walleske v. Buss, No. 1:08cv16/MMP/EMT, 2011 WL 4056073, at *1 (N.D. Fla. Sept. 13, 2011) (prisoner's request for disposition under IADA was filed prematurely, because it was filed in response to an arrest warrant not an indictment).

In the instant case, Plaintiff alleges the Virginia detainer was based upon two "new" felony charges of failure to register as a sex offender in the Norfolk Circuit Court (doc. 18 at 6, 14). In support of his allegation, he submitted copies of two arrest warrants issued February 11, 2010, for failing to register (doc. 21, Exhibits C, D). However, the court takes judicial of the fact that Plaintiff was not <u>charged</u> with those crimes until <u>after</u> the detainer was lodged (*see* attached docket sheets for Norfolk Circuit Court Case Nos. CR11002817-00 and CR11002817-01).[3] The court also takes judicial notice of the fact that in 2008, <u>prior</u> to the date the detainer was lodged, Plaintiff was <u>charged</u> in the Portsmouth Circuit Court, Case Nos. CR07A02475-01, CR07A02475-02, and CR07A02475-03, with violating his probation (*see* attached docket sheets for Case Nos.

---

[3] *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings);United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

CR07A02475-01, CR07A02475-02, and CR07A02475-03).[4] Because the facts show that the detainer was based upon probation violation charges, Plaintiff was not entitled to the protections of the IADA. Further, even if the detainer was based upon the arrest warrants, the arrest warrants likewise did not invoke the protections of the IADA. Therefore, Plaintiff failed to state a claim based upon Defendant Hicks's alleged violation of the IADA.

Additionally, Plaintiff failed to state an equal protection claim. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. *See* City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To state a claim under the Equal Protection Clause, a prisoner generally must allege "that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotations omitted). Thus, in order to assert a viable equal protection claim, a plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). The plaintiff must also allege that the defendant acted with the intent to discriminate against him. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367–68 (11th Cir. 1998); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987).

The Equal Protection Clause is also implicated in "class of one" claims. Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006). A "class of one" equal protection claim does not allege discrimination against a protected class, but rather it alleges that the plaintiff "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Griffin Indus. v. Irvin, 496 F.3d 1189, 1202 (11th Cir. 2007)

---

[4] He was arraigned on the violation of probation charges on July 15, 2011, and his probation was revoked on November 21, 2011 (*see id.*).

(quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)). The same strict "similarly situated" standard applies whether an equal protection claim is brought under a "class of one" theory or a traditional theory of unlawful discrimination. *Id.* at 1204–05.

In the instant case, Plaintiff alleges he was "similarly situated" to other inmates with detainers lodged against them, because he was placed in "closed custody" and denied participation in certain programs and work release (doc. 18 at 15). However, this allegation does not suggest other similarly situated prisoners received more favorable treatment than he. Therefore, he failed to state an equal protection claim.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 13th day of December 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

[ Name List ] [ Pleadings/Orders ] [ Services ] [ Main Menu ] [ Logoff ]

## Norfolk Circuit - Criminal Division
### Case Details

| Case Number: CR11002817-00 | Filed: 08/19/2011 | Commenced by: Indictment | Locality: COMMONWEALTH OF VA |
|---|---|---|---|
| Defendant: KUZMINSKI, MICHAEL | Sex: Male | Race: White Caucasian (Non-Hispanic) | DOB: 07/18/**** |
| Address: CHESAPEAKE, VA 23324 | | | |
| Charge: VIOL OFF FAIL REG, 2 OFF | Code Section: 18.2-472.1 | Charge Type: Felony | Class: |
| Offense Date: 02/10/2010 | Arrest Date: 06/29/2011 | | |

### Hearings

| # | Date | Time | Type | Room | Plea | Duration | Jury | Result |
|---|---|---|---|---|---|---|---|---|
| 1 | 09/07/2011 | 9:30AM | Grand Jury | | | | | True Bill -- Case Has Been Set |
| 2 | 10/25/2011 | 9:30AM | Plea | CR1 | Guilty | | | Sent |

### Final Disposition

| Disposition Code: Guilty | Disposition Date: 10/25/2011 | Concluded By: Guilty Plea |
|---|---|---|
| Amended Charge: | Amended Code Section: | Amended Charge Type: |

| Jail/Penitentiary: Penitentiary | Concurrent/Consecutive: | Life/Death: |
|---|---|---|
| Sentence Time: 5 Year(s) | Sentence Suspended: 4 Year(s) | Operator License Suspension Time: |
| Fine Amount: | Costs: $1168.00 | Fines/Cost Paid: |
| Program Type: | Probation Type: Unsupervised | Probation Time: 5 Year(s) |
| Probation Starts: Probation To Begin Upon Sentencing | Court/DMV Surrender: | Driver Improvement Clinic: |
| Driving Restrictions: | Restriction Start Date: | Restriction End Date: |
| VA Alcohol Safety Action: | Restitution Paid: | Restitution Amount: |

| Military: | Traffic Fatality: | |

**Appealed Date:**

[ Name List ] [ Pleadings/Orders ] [ Services ] [ Main Menu ] [ Logoff ]

Build #: 3.6.26

Return to Case    Main Menu    Logoff

## Norfolk Circuit - Criminal Division
### Pleadings/Orders Detail

Case Number: CR11002817-00

| Filed | Type | Party | Judge | Book | Page | Remarks |
|---|---|---|---|---|---|---|
| 08/19/2011 | Initial Filing | | | | | GDC PACKET |
| 08/19/2011 | Other - Catch All | | | | | SUMMARY SHEET |
| 08/19/2011 | Other - Catch All | | | | | COST ASSESSMENT SHEET |
| 09/07/2011 | Indictments | | | | | INDICTMENTS |
| 09/07/2011 | Scheduling Order | | MJH | | | SCHED ORDER |
| 10/25/2011 | Clerk's Worksheet | | | | | SUMM SHEET |
| 10/25/2011 | Clerks Notices | | | | | CLKS NOTICE |
| 10/25/2011 | List Of Allowances | | | | | PD TIMESHEET |
| 10/25/2011 | Plea | | | | | PLEA AGREEMENT |
| 10/25/2011 | Stipulation | | | | | STIP OF FACTS |
| 10/25/2011 | Other - Catch All | | | | | ADV TO DEF |
| 10/25/2011 | Other - Catch All | | | | | DEF EXHIBITS |
| 10/25/2011 | Release Order | | | | | JAIL RELEASE ORDER |
| 10/25/2011 | Order - Catch All | | | | | JAIL DISPO NOTICE |
| 10/25/2011 | Other - Catch All | | | | | SENT GUIDELINES |
| 10/25/2011 | Sentencing Order | | | | | SENT ORDER |
| 09/06/2012 | Motion | | | | | RECONSIDER |
| 10/25/2011 | Sentencing Order | | | | | AMENDED SENT ORDER |
| 09/24/2012 | Order - Catch All | | JCJ | | | DENY MOT RECONSIDER |

Return to Case    Main Menu    Logoff

Build #: 3.6.26

[ Name List ]  [ Pleadings/Orders ]  [ Services ]  [ Main Menu ]  [ Logoff ]

## Norfolk Circuit - Criminal Division
### Case Details

| Case Number: CR11002817-01 | Filed: 08/19/2011 | Commenced by: Indictment | Locality: COMMONWEALTH OF VA |
|---|---|---|---|
| Defendant: KUZMINSKI, MICHAEL | Sex: Male | Race: White Caucasian (Non-Hispanic) | DOB: 07/18/**** |
| Address: CHESAPEAKE, VA 23324 | | | |
| Charge: VOIL OFF FAIL REG,2 OFF | Code Section: 18.2-472.1 | Charge Type: Felony | Class: |
| Offense Date: 02/10/2010 | Arrest Date: 06/29/2011 | | |

### Hearings

| # | Date | Time | Type | Room | Plea | Duration | Jury | Result |
|---|---|---|---|---|---|---|---|---|
| 1 | 09/07/2011 | 9:30AM | Grand Jury | | | | | True Bill -- Case Has Been Set |
| 2 | 10/25/2011 | 9:30AM | Plea | CR1 | Guilty | | | Sent |

### Final Disposition

| Disposition Code: Guilty | Disposition Date: 10/25/2011 | Concluded By: Guilty Plea |
|---|---|---|
| Amended Charge: | Amended Code Section: | Amended Charge Type: |

| Jail/Penitentiary: Penitentiary | Concurrent/Consecutive: | Life/Death: |
|---|---|---|
| Sentence Time: 5 Year(s) | Sentence Suspended: 5 Year(s) | Operator License Suspension Time: |
| Fine Amount: | Costs: | Fines/Cost Paid: |
| Program Type: | Probation Type: Unsupervised | Probation Time: 5 Year(s) |
| Probation Starts: Probation To Begin Upon Sentencing | Court/DMV Surrender: | Driver Improvement Clinic: |
| Driving Restrictions: | Restriction Start Date: | Restriction End Date: |
| VA Alcohol Safety Action: | Restitution Paid: | Restitution Amount: |

| Military: | Traffic Fatality: | |

**Appealed Date:**

[ Name List ]  [ Pleadings/Orders ]  [ Services ]  [ Main Menu ]  [ Logoff ]

Build #: 3.6.26

[ Name List ] [ Pleadings/Orders ] [ Services ] [ Main Menu ] [ Logoff ]

**Portsmouth Circuit - Criminal Division**
Case Details

| Case Number: CR07A02475-01 | Filed: 11/12/2008 | Commenced by: Reinstatement | Locality: COMMONWEALTH OF VA |
|---|---|---|---|
| Defendant: KUZMINSKI, MICHAEL ROBERT | Sex: Male | Race: White Caucasian (Non-Hispanic) | DOB: 07/18/**** |
| Address: NORFOLK,VA | | | |
| Charge: PROBATION VIOLATION | Code Section: 19.2-306 | Charge Type: Felony | Class: |
| Offense Date: 11/06/2008 | Arrest Date: 06/29/2011 | | |

## Hearings

| # | Date | Time | Type | Room | Plea | Duration | Jury | Result |
|---|---|---|---|---|---|---|---|---|
| 1 | 11/18/2008 | 10:00AM | Capias | 0001 | | | | Capias-Defendant Arrested |
| 2 | 07/15/2011 | 9:30AM | Arraignment | 1 | | | | Set For Trial |
| 3 | 08/09/2011 | 9:00AM | Revocation | 1 | | | | Continued Motion Of Prosec. Atty |
| 4 | 08/25/2011 | 9:00AM | Revocation | 1 | | | | Joint Motion |
| 5 | 11/01/2011 | 9:00AM | Revocation | 1 | | | | Continued Motion Of Defense |
| 6 | 11/10/2011 | 9:00AM | Revocation | 1 | | | | Continued Motion Of Defense |
| 7 | 11/21/2011 | 9:00AM | Revocation | 1 | | | | Revoked - Sentence/Probation |

## Final Disposition

| Disposition Code: Sentence/Probation Revoked | Disposition Date: 11/21/2011 | Concluded By: Trial - Judge With Witness |
|---|---|---|
| Amended Charge: | Amended Code Section: | Amended Charge Type: |

| Jail/Penitentiary: Penitentiary | Concurrent/Consecutive: Sentence Is Run Consecutively With Another | Life/Death: |
|---|---|---|
| Sentence Time: 2 Year(s) | Sentence Suspended: 1 Year(s) | Operator License Suspension Time: |
| Fine Amount: $0.00 | Costs: $1012.00 | Fines/Cost Paid: |
| Program Type: | Probation Type: Supervised | Probation Time: 2 Year(s) |
| Probation Starts: | Court/DMV Surrender: | Driver Improvement Clinic: |
| Driving Restrictions: | Restriction Start Date: | Restriction End Date: |

| VA Alcohol Safety Action: | Restitution Paid: | Restitution Amount:<br>$0.00 |
|---|---|---|
| Military: | Traffic Fatality: | |

**Appealed Date:**

[ Name List ]  [ Pleadings/Orders ]  [ Services ]  [ Main Menu ]  [ Logoff ]

Build #: 3.6.26

[ Return to Case ]　[ Main Menu ]　[ Logoff ]

## Portsmouth Circuit - Criminal Division
### Pleadings/Orders Detail

Case Number: CR07A02475-01

| Filed | Type | Party | Judge | Book | Page | Remarks |
|---|---|---|---|---|---|---|
| 11/12/2008 | Other - Catch All | | JCH | NCT | SCAN | PROBATION VIOLATION REPORT |
| 12/31/2008 | Other - Catch All | | JCH | NCT | SCAN | PROBATION VIOL ADDENDUM |
| 07/11/2011 | Order - Catch All | DEF | | ETP | SCAN | TRANSPORT ORDER FOR 7/15 |
| 08/09/2011 | Order - Catch All | COMM | JAC | KMH | SCAN | TRANSPORTATION |
| 08/26/2011 | Order - Catch All | | JCH | LM | SCAN | CONTINUANCE ORDER |
| 09/01/2011 | Order - Catch All | COMM | DWS | KMH | SCAN | TRANSPORTATION |
| 11/02/2011 | Order - Catch All | | JCH | LM | SCAN | REVOCA CONT ORDER |
| 11/14/2011 | Order - Catch All | COMM | KRM | KMH | SCAN | TRANSPORTATION |
| 11/22/2011 | Revocation Order | | JCH | LM | SCAN | VIOL OF PROB SENT ORDER |
| 06/14/2012 | Order - Catch All | | JCH | LBK | SCAN | RECONSIDER DENIED |

[ Return to Case ]　[ Main Menu ]　[ Logoff ]

Build #: 3.6.26

Name List  Pleadings/Orders  Services  Main Menu  Logoff

**Portsmouth Circuit - Criminal Division**
Case Details

| Case Number:<br>CR07A02475-02 | Filed:<br>11/12/2008 | Commenced by:<br>Reinstatement | Locality:<br>COMMONWEALTH OF VA |
|---|---|---|---|
| Defendant:<br>KUZMINSKI, MICHAEL ROBERT | Sex:<br>Male | Race:<br>White Caucasian (Non-Hispanic) | DOB:<br>07/18/**** |
| Address:<br>NORFOLK,VA | | | |
| Charge:<br>PROBATION VIOLATION | Code Section:<br>19.2-306 | Charge Type:<br>Felony | Class: |
| Offense Date:<br>11/06/2008 | Arrest Date:<br>06/29/2011 | | |

## Hearings

| # | Date | Time | Type | Room | Plea | Duration | Jury | Result |
|---|---|---|---|---|---|---|---|---|
| 1 | 11/18/2008 | 10:00AM | Capias | 0001 | | | | Capias-Defendant Arrested |
| 2 | 07/15/2011 | 9:30AM | Arraignment | 1 | | | | Set For Trial |
| 3 | 08/09/2011 | 9:00AM | Revocation | 1 | | | | Continued Motion Of Prosec. Atty |
| 4 | 08/25/2011 | 9:00AM | Revocation | 1 | | | | Joint Motion |
| 5 | 11/01/2011 | 9:00AM | Revocation | 1 | | | | Continued Motion Of Defense |
| 6 | 11/10/2011 | 9:00AM | Revocation | 1 | | | | Continued Motion Of Defense |
| 7 | 11/21/2011 | 9:00AM | Revocation | 1 | | | | Revoked - Sentence/Probation |

## Final Disposition

| Disposition Code:<br>Sentence/Probation Revoked | Disposition Date:<br>11/21/2011 | Concluded By:<br>Trial - Judge With Witness |
|---|---|---|
| Amended Charge: | Amended Code Section: | Amended Charge Type: |

| Jail/Penitentiary:<br>Penitentiary | Concurrent/Consecutive:<br>Sentence Is To Run Concurrently With Another | Life/Death: |
|---|---|---|
| Sentence Time:<br>2 Year(s) | Sentence Suspended:<br>1 Year(s) | Operator License Suspension Time: |
| Fine Amount:<br>$0.00 | Costs:<br>$24.00 | Fines/Cost Paid: |
| Program Type: | Probation Type:<br>Unsupervised | Probation Time:<br>2 Year(s) |
| Probation Starts: | Court/DMV Surrender: | Driver Improvement Clinic: |
| Driving Restrictions: | Restriction Start Date: | Restriction End Date: |

| VA Alcohol Safety Action: | Restitution Paid: | Restitution Amount: $0.00 |
|---|---|---|
| Military: | Traffic Fatality: | |

**Appealed Date:**

[ Name List ] [ Pleadings/Orders ] [ Services ] [ Main Menu ] [ Logoff ]

Build #: 3.6.26

[ Name List ] [ Pleadings/Orders ] [ Services ] [ Main Menu ] [ Logoff ]

## Portsmouth Circuit - Criminal Division
### Case Details

| Case Number: CR07A02475-03 | Filed: 11/12/2008 | Commenced by: Reinstatement | Locality: COMMONWEALTH OF VA |
|---|---|---|---|
| Defendant: KUZMINSKI, MICHAEL ROBERT | Sex: Male | Race: White Caucasian (Non-Hispanic) | DOB: 07/18/**** |
| Address: NORFOLK,VA | | | |
| Charge: PROBATION VIOLATION | Code Section: 19.2-306 | Charge Type: Felony | Class: |
| Offense Date: 11/06/2008 | Arrest Date: 06/29/2011 | | |

### Hearings

| # | Date | Time | Type | Room | Plea | Duration | Jury | Result |
|---|---|---|---|---|---|---|---|---|
| 1 | 11/18/2008 | 10:00AM | Capias | 0001 | | | | Capias-Defendant Arrested |
| 2 | 07/15/2011 | 9:30AM | Arraignment | 1 | | | | Set For Trial |
| 3 | 08/09/2011 | 9:00AM | Revocation | 1 | | | | Continued Motion Of Prosec. Atty |
| 4 | 08/25/2011 | 9:00AM | Revocation | 1 | | | | Joint Motion |
| 5 | 11/01/2011 | 9:00AM | Revocation | 1 | | | | Continued Motion Of Defense |
| 6 | 11/10/2011 | 9:00AM | Revocation | 1 | | | | Continued Motion Of Defense |
| 7 | 11/21/2011 | 9:00AM | Revocation | 1 | | | | Revoked - Sentence/Probation |

### Final Disposition

| Disposition Code: Sentence/Probation Revoked | Disposition Date: 11/21/2011 | Concluded By: Trial - Judge With Witness |
|---|---|---|
| Amended Charge: | Amended Code Section: | Amended Charge Type: |

| Jail/Penitentiary: Penitentiary | Concurrent/Consecutive: Sentence Is To Run Concurrently With Another | Life/Death: |
|---|---|---|
| Sentence Time: 2 Year(s) | Sentence Suspended: 1 Year(s) | Operator License Suspension Time: |
| Fine Amount: $0.00 | Costs: $24.00 | Fines/Cost Paid: |
| Program Type: | Probation Type: Supervised | Probation Time: 2 Year(s) |
| Probation Starts: | Court/DMV Surrender: | Driver Improvement Clinic: |
| Driving Restrictions: | Restriction Start Date: | Restriction End Date: |

| VA Alcohol Safety Action: | Restitution Paid: | Restitution Amount: $0.00 |
|---|---|---|
| Military: | Traffic Fatality: | |

**Appealed Date:**

[ Name List ]  [ Pleadings/Orders ]  [ Services ]  [ Main Menu ]  [ Logoff ]

Build #: 3.6.26